IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DREW T.M. BEERBOHM, | ) | 4:15CV3002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SAUNDERS COUNTY, | ) | |
| NEBRASKA, and UNKNOWN | ) | |
| GUARD, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Drew Beerbohm filed a Complaint (Filing No. 1) on January 9, 2015. Beerbohm is proceeding in forma pauperis. The court now conducts an initial review of Beerbohm's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. BACKGROUND

Beerbohm is currently incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. (Filing No. 1 at CM/ECF p. 2.) His claims are based on an incident that occurred when he was incarcerated at the Saunders County Jail in Wahoo, Nebraska. (*Id.* at CM/ECF pp. 4-6.) He has sued two Defendants, Saunders County, Nebraska, and an unknown guard at the Saunders County Jail. (*Id.* at CM/ECF p. 1.)

Beerbohm's allegations are difficult to comprehend. He alleged that on February 14, 2013, the unknown guard gave him "7 cups of water." (*Id.* at CM/ECF p. 5.) The fourth cup of water contained a white powder. Later the same evening, Beerbohm began to hallucinate "and thought that by drinking water [he] would be poisoned." (*Id.* at CM/ECF pp. 5-6.) Six days later, he "almost died from eating"

saltine crackers and peanut butter." (*Id.* at CM/ECF p. 6.)

Beerbohm alleges the unknown guard "poisoned [him] with the intent to kill." (*Id.* at CM/ECF p. 6.) As a result of the guard's actions, Beerbohm stopped eating and drinking because he was afraid of being poisoned. (*Id.*) Beerbohm was hospitalized "for an extensive period of time" because he quit eating. (*Id.*) For relief, Plaintiff seeks $10,000,000.00. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than

other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

Beerbohm has sued Saunders County and an unknown guard. Even assuming Beerbohm's allegations concerning poisoning are plausible, he fails to state a § 1983 claim against Saunders County and the unknown guard.

The court assumes Beerbohm has sued this unknown guard in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both. . . . [I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A suit against a public employee in his official capacity is merely a suit against the public employer. *Id.* Therefore, the court construes the whole of Beerbohm's claims to be lodged solely against Saunders County.

A municipality is liable under § 1983 only if injury was caused pursuant to the municipality's policy or custom. *Los Angeles Cnty, California v. Humphries*, 562 U.S. 29, 30-31 (2010) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Here, Beerbohm does not allege a policy or custom caused his injuries. Thus, he fails to state a claim for relief against Saunders County. On the court's own

3

motion, Plaintiff will be given an opportunity to file an amended complaint that states a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1.      Plaintiff will have 30 days in which to file an amended complaint that states a claim upon which relief may be granted.  Failure to file an amended complaint will result in dismissal of this matter for failure to state a claim.

2.      The clerk of the court is directed to set the following pro se case management deadline: May 15, 2018: check for amended complaint.

DATED this 20th day of April, 2015.

BY THE COURT:


s/ Joseph F. Bataillon_____
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.