IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DREW T.M. BEERBOHM, | ) | 4:15CV3002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SAUNDERS COUNTY, | ) | |
| NEBRASKA, and UNKNOWN | ) | |
| GUARD, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Drew Beerbohm's ("Beerbohm") Amended Complaint (Filing No. 10). Upon review of Beerbohm's Amended Complaint, the court finds this case should be dismissed for the reasons set forth below.

## I. BACKGROUND

The court conducted a pre-service screening of Beerbohm's Complaint on April 20, 2015. (Filing No. 8.) The court determined Beerbohm had not stated claims upon which relief could be granted against Defendants. On the court's own motion, the court gave Beerbohm 30 days in which to file an amended complaint. Thereafter, Beerbohm filed the Amended Complaint at issue here.

As he did in his Complaint, Beerbohm alleged in his Amended Complaint that, while incarcerated at the Saunders County Jail in Wahoo, Nebraska, an unknown guard gave him a cup of water containing a white powder that made him sick. (Filing No. 10 at CM/ECF p. 7.) He also alleged in the Amended Complaint that "the defendants" gave him crackers that made him feel as if he were going to "blow up like a bird does when [it] consume[s] poison." (Filing No. 10 at CM/ECF p. 9.)

Beerbohm alleged he suffered hallucinations and could not eat or sleep. He also alleged he could not drink water from his cell's faucet because it also "caused [him] to have reactions." (Filing No. 10 at CM/ECF p. 9.) Beerbohm was hospitalized for treatment of what he refers to as his "food deprivation condition." (Filing No. 10 at CM/ECF p. 10.) In Beerbohm's Complaint, Beerbohm alleged the unknown guard "poisoned [Beerbohm] with the intent to kill." (Filing No. 1 at CM/ECF p. 6.)

## II. DISCUSSION

Beerbohm's allegations that an unknown guard attempted to murder him by poisoning his water and food, without more, are insufficient to state a claim because the allegations are conclusory and implausible. As discussed in the court's pre-service screening of Beerbohm's Complaint, *pro se* plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Beerbohm failed to explain how he discovered his food was poisoned and, if it was, how he knew the unknown jail guard was responsible. The mere fact that Beerbohm was ill after consuming food and water at the jail does not, by itself, suggest he was intentionally poisoned by the unknown guard. Furthermore, Beerbohm's allegations that the water from his cell's faucet also caused him to suffer "reactions" further suggests the implausibility of his allegations.

For the foregoing reasons, and for the reasons set forth in the court's pre-service screening of Beerbohm's Complaint, the court finds Beerbohm has failed to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that: This action is dismissed with prejudice for failure to state a claim upon which relief may be granted. The court will enter a separate Judgment in accordance with this Memorandum and Order.

DATED this 22nd day of September, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.